IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-03785 |
| v. ) | |
| ) | Hon. LaShonda A. Hunt |
| ROANOKE INSURANCE GROUP INC., & ) | |
| MUNICH RE SPECIALTY GROUP ) | Magistrate Judge M. David Weisman |
| INSURANCE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**I.    PRELIMINARY STATEMENT**

This case is about an employment agreement and has nothing to do with consumerism. Plaintiff Steven Weiss is a former employee of Defendant Roanoke, Inc. ("Roanoke"). As a Roanoke employee, Weiss signed an employment agreement when Roanoke hired him in early 2018. ECF 1, Compl. ¶ 7. The Complaint concerns the agreement's enforceability and its post-employment restrictive covenants. *Id.* ¶¶ 1, 14.

Disputes over employment agreements are governed by principles of employment law, not consumer protection law. Even so, Weiss asks this Court to apply an Illinois consumer protection statute—specifically, the "Illinois Deceptive Business Practices Act ("IDBPA")"—in granting him relief from his employment agreement. *Id.* ¶ 21.

Weiss's Complaint provides no citation to the IDBPA. The reason is clear – there is no Act by that name. There is, however, an Illinois Consumer Fraud and Deceptive Business Practices

Act, more commonly known by this Court and Illinois state courts as the ICFA.[1] 815 ILCS 505/1 *et. seq.* Weiss contends that under this consumer protection statute, he is due injunctive relief regarding his employment agreement, compensatory damages, attorneys' fees, and costs. ECF 1, Compl. ¶ 22. This claim fails because private employment agreements are not governed by consumer protection statutes. As a result, the Court must dismiss Count II of the Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. RELEVANT COMPLAINT ALLEGATIONS

Weiss and Roanoke entered into an employment agreement on or about January 8, 2018. ECF 1 ¶ 7, Compl. ¶ 7. Weiss' employment agreement states the following, *inter alia*:

> This EMPLOYMENT AGREEMENT ("Employment Agreement") is made and entered into on the 8th day of January 2018, by and between Roanoke Insurance Group Inc., an Illinois corporation ("RIS" and collectively with its subsidiaries the "Company"), and Steven Weiss (the "Employee"), each a "party" and collectively the "parties."

*Id*. at ¶ 12. Based upon the actions taken on behalf of Roanoke, the Employment Agreement it had with Weiss and the position taken on their behalf and MRSGIS' behalf after Weiss contacted them regarding the Employment Agreement and the lack of enforceability of the purported restrictive covenants contained within, defendants are in violation the Illinois Deceptive Business Practices Act ("IDBPA"). *Id*. ¶ 21.

## III. ARGUMENT

### A. The Legal Standard

A Rule 12(b)(6) motion to dismiss "challenges a complaint for failure to state a claim upon which relief may be granted." *Lincoln Park Sav. Bank v. Binetti*, No. 10 CV 5083, 2011 WL

---

[1] A Westlaw search for "IDBPA" in Illinois federal and state courts results in 1 case; a search for "ICFA" in the same jurisdictions results in 685 cases.

249461, at *2 (N.D. Ill. Jan. 26, 2011). A complaint can only survive a motion to dismiss if it contains "enough facts to state a claim for relief that is plausible on its face." *Williams v. Erickson*, 962 F. Supp. 2d 1038, 1041 (N.D. Ill. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the factual allegations allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Muczynski v. Lieblick*, 769 F. Supp. 2d 1129, 1132 (N.D. Ill. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When considering the factual allegations, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

  **B.** **Count II must be dismissed because Weiss does not meet the ICFA's "consumer" requirement and thus, fails to state a claim upon which relief can be granted**

In Count II of the Complaint, Weiss purports to assert a claim under the ICFA. The ICFA is a consumer protection statute. 815 ILCS 505/1 *et. seq.* It is "a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). The ICFA defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

Generally, to state a claim under the ICFA, a plaintiff must allege that he is a "consumer." *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1005 (N.D. Ill. 2017); *Kmak v. Sorin Grp. Deutschland GmbH*, No. 17 CV 4759, 2017 WL 8199974, at *8–9 (N.D. Ill. Dec. 12, 2017). Absent this allegation, he can only go forward with his ICFA claim if he satisfies the "consumer

3

nexus" test. *Id.* at 1006. To satisfy this test, a plaintiff must show (1) that his actions were akin to a consumer's actions to establish a link between himself and consumers; (2) how defendants' representations concerned consumers other than him; (3) how defendants' particular activity involved consumer protection concerns; and (4) how the requested relief would service the interests of consumers. *Id.*

Here, Weiss's Complaint fails to satisfy this threshold requirement, so whether he properly alleged an ICFA claim deserves no discussion.[2] Weiss makes no effort to allege that he is a consumer or that his claim has a consumer nexus.[3] Indeed, his Complaint makes no mention of the word "consumer." That is not surprising—this case has nothing to do with consumerism; this is a case about a private employment agreement between Weiss and his employer. Because Weiss failed to make these allegations, he cannot state a claim under the ICFA. *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 450 (7th Cir. 2012).

In *Hess*, the plaintiff, an attorney, brought action against his former law firm seeking recovery of bonuses from the firm's settlement of his former cases after the firm dismissed him. Among his "ragtag of poorly pleaded claims," the plaintiff sought relief under the ICFA. *Id*. at 454. The court swiftly disposed of this claim after noting that it "lack[ed] any support in Illinois law" because the plaintiff "was an employee, not a 'consumer.'" *Id*. The same result is required here for the same reason.

---

[2] Once a plaintiff meets the ICFA's "consumer" requirements—which Weiss did not and cannot—a claim under the ICFA requires a plaintiff to allege that (1) a deceptive act or unfair practice occurred; (2) the defendants intended for the plaintiff to rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff sustained actual damages; and (5) such damages were proximately caused by the defendants' deception." Liston, 254 F. Supp. at 1005 (quoting Dubey v. Public Storage, Inc., 918 N.E.2d 265, 277 (2009)).

[3] Not only did Weiss not allege that he is a consumer or that he satisfies the "consumer nexus" test, but he also cannot allege as much in an amended complaint because he clearly alleged in the Complaint that this case is about a private employment agreement. ECF 1, ¶7 (Complaint).

Put simply, Count II of Weiss's Complaint is not facially plausible. Rather, Weiss's allegation—that he lost employment opportunities because his former employer violated a consumer protection statute—is "so sketchy or implausible" that it fails to provide notice of his underlying claim. *Muczynski*, 769 F. Supp. 2d at 1132. As a result, Count II of his Complaint must be dismissed.

## IV. CONCLUSION

For all the forgoing reasons, the Court must dismiss Count II of the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

ROANOKE INSURANCE GROUP INC., &
MUNICH RE SPECIALTY GROUP
INSURANCE SERVICES, INC.

By/s/ Carol A. Poplawski
    One of Their Attorneys

Carol A. Poplawski (ARDC # 6192132)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
*carol.poplawski@ogletree.com*
Telephone: 312.558.1220
Facsimile: 312.807.3619

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 28, 2023 she electronically filed the foregoing ***Memorandum in Support of Defendants' Rule (12)(b)(6) Motion to Dismiss*** with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

>Zachary J. Barger
>Rowland Arthur Edwards
>ZEILER FLOYD ZADKOVICH (US) LLP
>53 West Jackson Boulevard
>Suite 1240
>Chicago, Illinois 60604
>zach.barger@zeilerfloydzad.com
>rowland.edwards@zeilerfloydzad.com
>
>Robert J. Killeen, Jr.
>Killeen & Stern, PC
>1811 Bering Dr.
>Houston, TX 77057
>rkilleen@killeen-law.com

/s/ Carol A. Poplawski