# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN WEISS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROANOKE INSURANCE GROUP INC., & ) <br> MUNICH RE SPECIALTY GROUP ) <br> INSURANCE SERVICES, INC., ) <br> ) <br>    Defendants. ) | Case No. 1:23-CV-03785 <br><br> Honorable Judge LaShonda A. Hunt |

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff asks the Court to deny defendant's Motion to Dismiss for Failure to State a Claim ("the Motion").

### A. INTRODUCTION

1. Plaintiff is Steven Weiss; ("Mr. Weiss"); defendants are Roanoke Insurance Group Inc. ("Roanoke") and Munich Re Specialty Group Insurance Services, Inc. ("MRSGIS").

2. Mr. Weiss sued Roanoke and MRSGIS for declaratory relief pursuant to 28 U.S.C. §2201, *et seq.*

3. Roanoke and MRSGIS filed their Motion in response to Mr. Weiss' Original Complaint.

4. On September 18, 2023, Mr. Weiss filed his First Amended Complaint & Request for Declaratory Judgment[1], ("the Amended Complaint") and alleges a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFAA") regarding his

---

[1] See attached ***Exhibit A***.

employment agreement, employment with Roanoke but his working for MRSGIS as Count II, with damages.

5. Mr. Weiss files this response asking the Court to deny the Motion.

## B. ARGUMENT

6. When considering the Motion, this court must construe the factual allegations in the complaint in the light most favorable to Mr. Weiss. *Barker v. Riverside Cty.* Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show a plausible right to relief, this Court should deny the Motion. See *Ashcroft v Iqbal*, 556 U.S. 662,668 (2009); *Brooks v Ross*, 578 F. 3d 574, 581 (7th Circ. 2009).

7. In his Amended Complaint, Mr. Weiss alleges in Count II:

> 21. Based upon the actions taken on behalf of Roanoke, the Employment Agreement it had with Mr. Weiss and the position taken on MRSGIS' behalf after Mr. Weiss contacted them regarding the Employment Agreement and the lack of enforceability of the purported restrictive covenants contained within, defendants are in violation the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFAA").
>
> 22. Specifically, Roanoke and MRSGIS are both subsidiaries of Munich Re Specialty Group, N.A. ("MRNA"). In 2019, a decision was made by MRNA to create a completely separate and independent company utilizing employees from Roanoke, specifically MRSGIS. To accomplish this, MRNA used Roanoke's employees and continues to use Roanoke employees to work for MRSGIS, even though MRNA publishes and holds out to the public that individuals such as Mr. Weiss that work for MRSGIS are MRSGIS employees. An example of this fraud and deception is

illustrated by this litigation wherein Roanoke is attempting to prevent Mr. Weiss from continuing to perform the work he did for MRSGIS via an Employment Agreement he had with Roanoke, where he performed and provided different insurance services to consumers in the general public. This unfair or deceptive acts or practices, including but not limited to the use or employment of deception by Roanoke and MRSGIS violates 815 ILCS 510/2 of the ICFAA.

8. The ICFA is a regulatory and remedial statute intended to protect consumers, borrowers, and businesspersons from fraud, unfair methods of competition, and other unfair and deceptive acts or practices in the conduct of trade or commerce, and it is to be liberally construed to effectuate its purpose. *Robinson v. Toyota Motor Credit Corp*., 201 Ill. 2d 403, 775 N.E.2d 951, 2002 Ill. LEXIS 323, 266 Ill. Dec. 879.

9. To state a claim under the ICFAA, a plaintiff must allege that (1) the defendant committed a deceptive act or practice, (2) the defendant intended the plaintiff to rely on the deception, and (3) deception occurred during a course of conduct involving trade or commerce. *Robinson,* 201 Ill. 2d at 417. Actual reliance ("even though Mr. Weiss had reliance") is not an element of statutory fraud. *Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 501, 675 N.E.2d 584, 221 Ill. Dec. 389 (1996).

10. The protections of the ICFAA are not limited to consumers. That is made clear by the full title of the Act, "An Act to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. There is "a clear mandate from the Illinois legislature that [Illinois] courts utilize the Act to the utmost degree in eradicating all forms of deceptive and unfair business practices and grant appropriate remedies to injured parties." *Tri-Plex Tech. Servs. v. Jon-Don,*

*LLC,* 2022 IL App (5th) 210210-U, 2022 Ill. App. Unpub. LEXIS 1832, citing to *Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc., 2*14 Ill. App. 3d 1073, 158 Ill. Dec. 185, 573 N.E.2d 1370 (1991).

11. The Amended Complaint provides defendants with fair notice of this viable claim. Mr. Weiss is alleging that Roanoke and MRSGIS each engaged in unfair competition and unfair and deceptive trade practices with respect to insurance resulting in him suffering damages.

12. These factual allegations show a plausible right to relief. That is, when the factual allegations are assumed to be true, they show a right to relief that is more than mere speculation.

### C. CONCLUSION

13. Because Plaintiff has stated a claim on which relief can be granted, the Court should deny defendants' motion regarding Count II of the original complaint.

Respectfully submitted,

**ZEILER FLOYD ZADKOVICH (US) LLP**

s/ Rowland A. Edwards
Local Counsel for Plaintiff
Timothy S. McGovern
Zachary J. Barger
Rowland A. Edwards
**Zeiler Floyd Zadkovich (US) LLP**
53 West Jackson Boulevard
Suite 1240
Chicago, Illinois 60604
Tel.: (312) 545-4994
Email: tim.mcgovern@zeilerfloydzad.com
zach.barger@zeilerfloydzad.com
rowland.edwards@zeilerfloydzad.com

**KILLEEN & STERN, PC**
Robert J. Killeen, Jr.
Texas Bar No. 11407000
1811 Bering Drive, Suite 120
Houston, Texas 77057
713/626-5100 - Telephone
713/626-4545 – Facsimile

          AND

Robert C. Stern
Texas Bar No. 24053637
400 Poydras Street, Suite 1560
New Orleans, Louisiana 70130
Telephone: (504) 525-8111
Facsimile: (504) 680-6080

## CERTIFICATE OF SERVICE

I, Rowland A. Edwards, hereby certify that on September 27, 2023, a copy of the foregoing Plaintiff's Amended Complaint & Request for Declaratory Judgment was served electronically at the email addresses designated below, which effectuated service on all parties to this action.

Carol A. Poplawski
Ogletree Deakins
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Phone: (312) 558-1220
Email: carol.poplawski@ogletree.com


                                          s/ Rowland A. Edwards