UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN WEISS,                          )
                                       )
                    Plaintiff,         )        Case No.
                                       )
        v.                             )
                                       )
ROANOKE INSURANCE GROUP INC., &        )
MUNICH RE SPECIALTY GROUP              )
INSURANCE SERVICES, INC.,              )
                                       )
                    Defendants.        )

## PLAINTIFF'S FIRST AMENDED COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, STEVEN WEISS, ("Mr. Weiss"), by and through undersigned counsel, and complains of Defendants, ROANOKE INSURANCE GROUP INC. ("Roanoke") and MUNICH RE SPECIALTY GROUP INSURANCE SERVICES, INC. ("MRSGIS") as follows:

1.      Mr. Weiss seeks a judicial declaration that the restrictive covenant language contained in the employment agreement he entered into with Roanoke is unenforceable as to MRSGIS. Additionally, Mr. Weiss seeks an adjudication that Roanoke and/or MRSGIS violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFAA") and that Roanoke tortiously interfered with his business expectancy.

2.      Roanoke, on information and belief, is a Munich Re subsidiary incorporated in Illinois and is a specialty insurance broker focused on surety bonds and insurance solutions for logistics service providers, custom brokers, and companies managing supply chains.

3.      MRSGIS, on information and belief, is a separate Munich Re subsidiary incorporated in Illinois and has broad underwriting authority for the Munich Re Syndicate Limited



("MRSL"), which operates as the Lloyd's of London Syndicate 457. MRSGIS underwrites various specialty lines including cyber, tech E&O, terrorism, active assailant, political violence, and ocean and inland marine.

4.      This is a complaint for declaratory relief pursuant to 28 U.S.C. §2201, *et seq.*

5.      Jurisdiction is proper pursuant to written contractual agreement, 28 U.S.C. §2201, *et seq.* (the Declaratory Judgment Act), and 28 U.S.C. §1332(a)(1) (Diversity of Citizenship). Mr. Weiss is a citizen of the state of Texas. Roanoke and MRSGIS are each Illinois corporations, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.      This District is proper venue for this action pursuant to 28 U.S.C. §1391(c) because it is where both Roanoke and MRSGIC reside.

7.      Mr. Weiss and Roanoke entered into an employment agreement on or about January 8, 2018.

8.      In approximately late 2018, Mr. Weiss was transferred to MRSGIS which became a wholly separate, distinct, and non-subsidiary company from Roanoke at the latest during January 2020.

9.      Starting in January 2020, Mr. Weiss and his MRSGIS team conducted underwriting on behalf of MRSGIS on Lloyds' underwriting authority binder 1018, completely separate and distinct from Roanoke. Roanoke, to the extent it underwrote, continued to underwrite on binder 1011 used solely for Roanoke client business.

10.      Mr. Weiss and his MRSGIS team worked exclusively for MRSGIS for approximately two and a half years; were held out to the public as MRSGIS employees and received directives from Munich Re Specialty Group N.A., not Roanoke.

11. Mr. Weiss was terminated from his employment on May 25, 2022. Thereafter, he was placed on "garden leave" for an entire year. During this year, MRSGIS used almost all of Mr. Weiss' professional licenses to continue MRSGIS underwriting, potentially in all fifty states.

12. Mr. Weiss' Roanoke employment agreement states the following, *inter alia*:

This EMPLOYMENT AGREEMENT ("Employment Agreement") is made and entered into on the 8th day of January 2018, *by and between Roanoke Insurance Group Inc., an Illinois corporation ("RIS" and collectively with its subsidiaries the "Company"),* and Steven Weiss (the "Employee"), each a "party" and collectively the "parties."

13. Yet, the separation letter Mr. Weiss received on or about May 25, 2022, acknowledges that Roanoke and MRSGIS are apparently deliberately misstating the plain language (and meaning) of Mr. Weiss' employment agreement's terms and conditions, as follows:

Accordingly, your employment with Roanoke Insurance Group Inc., *and any parent, subsidiary or affiliated entities* (hereinafter "the Company" or "Roanoke") will end effective May 24, 2023 ("the Separation Date").

14. Mr. Weiss presently has several employment opportunities. However, Munich Re, presumably on behalf of Roanoke and MRSGIS, despite transferring Mr. Weiss to another separate and distinct company, insists that as a Roanoke employee at the time of his termination, he cannot pursue employment similar to and like the work he performed for MRSGIS. (*See Exhibit A*).

15. Counsel for Roanoke and MRSGIS were asked for substantive support for their contention that Mr. Weiss was only an employee of Roanoke, and no substantive documentation and/or information was provided. Roanoke is attempting to enforce its Employment Agreement on behalf of MRSGIS to the detriment of Mr. Weiss, costing him job opportunities.

16. Because Mr. Weiss was working for Roanoke at the time of his termination in May 2022, and MRSGIS is **not** a subsidiary of Roanoke, Mr. Weiss' employment agreement regarding restrictive covenants with MRSGIS is unenforceable.

## COUNT I

17.     Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

18.     In accordance with 28 U.S.C. §2201, *et seq.*, the Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure, Mr. Weiss seeks the following declaration:

> The restrictive covenants contained in Section 8 of the Employment Agreement, entitled non-Competition, are unenforceable, as Mr. Weiss was not an employee of MRSGIS.

> Even if Mr. Weiss was an employee of MRSGIS, which is expressly denied, the restrictive covenants in the Employment Agreement are overly broad and not limited as required by Illinois Law rendering them unenforceable.

19.     Mr. Weiss requests an expedited and summary proceeding on this issue of law, as the facts should be undisputed.

## COUNT II

20.     Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

21.     Based upon the actions taken on behalf of Roanoke, the Employment Agreement it had with Mr. Weiss and the position taken on MRSGIS' behalf after Mr. Weiss contacted them regarding the Employment Agreement and the lack of enforceability of the purported restrictive covenants contained within, defendants are in violation the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFAA").

22.     Specifically, Roanoke and MRSGIS are both subsidiaries of Munich Re Specialty Group, N.A. ("MRNA"). In 2019, a decision was made by MRNA to create a completely separate and independent company utilizing employees from Roanoke, specifically MRSGIS. To accomplish this, MRNA used Roanoke's employees and continues to use Roanoke employees to work for MRSGIS, even though MRNA publishes and holds out to the public that individuals such as Mr. Weiss that work for MRSGIS are MRSGIS employees. An example of this fraud and deception is illustrated by this litigation wherein Roanoke is attempting to prevent Mr. Weiss from

continuing to perform the work he did for MRSGIS via an Employment Agreement he had with Roanoke, where he performed and provided different insurance services to consumers in the general public. This unfair or deceptive acts or practices, including but not limited to the use or employment of deception by Roanoke and MRSGIS violates 815 ILCS 510/2 of the ICFAA.

23.     Mr. Weiss requests that this Court issue an injunction regarding the Roanoke employment agreement, and award Mr. Weiss compensatory damages, attorneys' fees, and costs.

### COUNT III

24.     Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

25.     Mr. Weiss' business relationships constitute a property interest and are entitled to protection from unjustifiable tampering by Roanoke and MRSGIS.

26.     Roanoke's and MRSGIS' intentional and unjustified interference with Mr. Weiss' business relationships have prevented the realization of business expectancy by him, resulting in damage from their tortious interference with his business expectancy.

27.     Mr. Weiss requests the Court award him lost profit and money due to the intentional and unjustified interference by Roanoke and MRSGIS, which Mr. Weiss can demonstrate with reasonable certainty.

**WHEREFORE,** Steven Weiss prays that Roanoke Insurance Group Inc. and Munich Re Specialty Group Insurance Services, Inc. answer this First Amended Complaint, and after due proceedings had, a declaration issue from this Court that the employment agreement's restrictive covenant language is unenforceable. Additionally, Mr. Weiss seeks an adjudication that Roanoke and MRSGIS violated the ICFAA, tortiously interfered with his business expectancy, and that he is entitled to compensatory damages, attorney's fees, costs of the court, and for any other and further relief that the Court deems just and proper.

Respectfully submitted,

**ZEILER FLOYD ZADKOVICH (US) LLP**

s/ Zachary J. Barger
Local Counsel for Plaintiff

Timothy S. McGovern
Zachary J. Barger
**Zeiler Floyd Zadkovich (US) LLP**
53 West Jackson Boulevard
Suite 1240
Chicago, Illinois 60604
Tel.: (312) 545-4994
Email: tim.mcgovern@zeilerfloydzad.com
zach.barger@zeilerfloydzad.com

(*To be admitted Pro Hac Vice*)
**KILLEEN & STERN, PC**
Robert J. Killeen, Jr.
Texas Bar No. 11407000
1811 Bering Drive, Suite 120
Houston, Texas 77057
713/626-5100 - Telephone
713/626-4545 – Facsimile

AND

Robert C. Stern
Texas Bar No. 24053637
400 Poydras Street, Suite 1560
New Orleans, Louisiana 70130
Telephone: (504) 525-8111
Facsimile: (504) 680-6080

## CERTIFICATE OF SERVICE

I, Rowland A. Edwards, hereby certify that on September 18, 2023, a copy of the foregoing Plaintiff's Amended Complaint & Request for Declaratory Judgment was served electronically at the email addresses designated below, which effectuated service on all parties to this action.

Carol A. Poplawski
Ogletree Deakins
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Phone: (312) 558-1220
Email: carol.poplawski@ogletree.com

s/ Rowland A. Edwards