IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-03785 |
| v. ) | |
| ) | Honorable LaShonda A. Hunt |
| ROANOKE INSURANCE GROUP INC., & ) | |
| MUNICH RE SPECIALTY GROUP ) | Magistrate Judge M. David Weisman |
| INSURANCE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, ROANOKE INSURANCE GROUP INC. ("Roanoke") and MUNICH RE SPECIALTY GROUP INSURANCE SERVICES, INC. ("MRSGIS) (collectively "Defendants") by their attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answer Plaintiff's First Amended Complaint & Request for Declaratory Judgment ("First Amended Complaint"), and state as follows:

1. Mr. Weiss seeks a judicial declaration that the restrictive covenant language contained in the employment agreement he entered into with Roanoke is unenforceable as to MRSGIS. Additionally, Mr. Weiss seeks an adjudication that Roanoke and/or MRSGIS violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCAA") and that Roanoke tortiously interfered with his business expectancy.

**ANSWER**:

Defendants admit plaintiff seeks a declaration as set forth in this paragraph 1, but deny Plaintiff is entitled to such a declaration, and deny all remaining allegations in this paragraph.

2. Roanoke, on information and belief, is a Munich Re subsidiary incorporated in Illinois and is a specialty insurance broker focused on surety bonds and insurance solutions for logistics service providers, custom brokers, and companies managing supply chains.

**ANSWER**:

Defendants admit Roanoke is incorporated in Illinois and, *inter alia*, is a specialty insurance broker focused on surety bonds and insurance solutions for logistics service providers, custom brokers, and companies managing supply chains. Defendants further admit Roanoke is a subsidiary of Munich Re Specialty Group, N.A. Defendants deny the remaining allegations in this paragraph.

3. MRSGIS, on information and belief, is a separate Munich Re subsidiary incorporated in Illinois and has broad underwriting authority for the Munich Re Syndicate Limited ("MRSL"), which operates as the Lloyd's of London Syndicate 457. MRSGIS underwrites various specialty lines including cyber, tech E&O, terrorism, active assailant, political violence, and ocean and inland marine.

**ANSWER**:

Defendants admit MRSGIS has underwriting authority for the Munich Re Syndicate Limited ("MRSL"), which operates as the Lloyd's of London Syndicate 457, and that MRSGIS underwrites various specialty lines including cyber, tech E&O, terrorism, active assailant, political violence, and ocean and inland marine. Defendants deny the remaining allegations in this paragraph.

4. This is a complaint for declaratory relief pursuant to 28 U.S.C. §2201, *et seq*.

**ANSWER**:

Defendants admit Plaintiff seeks a declaratory relief pursuant to 28 U.S.C. §2201, *et seq.*, but deny Plaintiff is entitled to any such relief.

5. Jurisdiction is proper pursuant to written contractual agreement, 28 U.S.C. §2201, *et seq.* (the Declaratory Judgment Act), and 28 U.S.C. §1332(a)(1) (Diversity of Citizenship). Mr. Weiss is a citizen of the state of Texas. Roanoke and MRSGIS are each Illinois corporations, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**ANSWER**:

Defendants admit that Roanoke is a citizen of Illinois and that MRSGIS is a citizen of Massachusetts and Illinois. On information and belief, Defendants admit Plaintiff is a citizen of Texas. Defendants are without information or knowledge sufficient to form a belief as to the amount in controversy. Defendants deny the remaining allegations in this paragraph.

6. This District is proper venue for this action pursuant to 28 U.S.C. §1391(c) because it is where both Roanoke and MRSGIC[sic] reside.

**ANSWER**:

Defendant admits venue is proper because this is where Roanoke resides, but denies the remaining allegations in this paragraph.

7. Mr. Weiss and Roanoke entered into an employment agreement on or about January 8, 2018.

**ANSWER**:

Defendants admit the allegations in this paragraph.

8. In approximately late 2018, Mr. Weiss was transferred to MRSGIS which became a wholly separate, distinct, and non-subsidiary company from Roanoke at the latest during January 2020.

**ANSWER**:

Defendants deny the allegations in this paragraph.

9. Starting in January 2020, Mr. Weiss and his MRSGIS team conducted underwriting on behalf of MRSGIS on Lloyds' underwriting authority binder 1018, completely separate and distinct from Roanoke. Roanoke, to the extent it underwrote, continued to underwrite on binder 1011 used solely for Roanoke client business.

**ANSWER**:

Defendants admit that starting on or about January 2020, plaintiff conducted underwriting on behalf of MRSGIS on Lloyds' underwriting authority binder 1018. Defendants further admit

that Roanoke underwrote on Lloyd's underwriting authority binder 1011 for Roanoke business. Defendants deny the remaining allegations contained in this paragraph.

10. Mr. Weiss and his MRSGIS team worked exclusively for MRSGIS for approximately two and a half years; were held out to the public as MRSGIS employees and received directives from Munich Re Specialty Group N.A., not Roanoke.

**ANSWER**:

Defendants deny the allegations in this paragraph.

11. Mr. Weiss was terminated from his employment on May 25, 2022. Thereafter, he was placed on "garden leave" for an entire year. During this year, MRSGIS used almost all of Mr. Weiss' professional licenses to continue underwriting, potentially in all fifty states.

**ANSWER**:

Defendants admit that by letter dated May 25, 2022, Roanoke gave Plaintiff 12-months' notice of the termination of his employment effective May 24, 2023. Defendants further admit that Roanoke continued Plaintiff's salary and benefits during the 12 month Notice Period of his Employment Agreement. Defendants admit that during part of the Notice Period, MRSGIS used Plaintiff's licenses to continue underwriting. Defendants deny the remaining allegations in this paragraph.

12. Mr. Weiss' employment agreement states the following, *inter alia:*

> This EMPLOYMENT AGREEMENT ("Employment Agreement") is made and entered into on the 8th day of January 2018, ***by and between Roanoke Insurance Group Inc., an Illinois corporation ("RIS" and collectively with its subsidiaries the "Company"),*** and Steven Weiss (the "Employee"), each a "party" and collectively the "parties."

**ANSWER**:

Defendants admit that the first paragraph of Plaintiff's Employment Agreement states as alleged in this Paragraph 12, but without the emphasis added as reflected in this Paragraph 12. Defendants deny the remaining allegations contained in this paragraph.

13. Yet, the separation letter Mr. Weiss received on or about May 25, 2022, acknowledges that Roanoke and MRSGIS are apparently deliberately misstating the plain language (and meaning) of Mr. Weiss' employment agreement's terms and conditions, as follows:

> Accordingly, your employment with Roanoke Insurance Group Inc., ***and any parent, subsidiary or affiliated entities*** (hereinafter "the Company" or "Roanoke") will end effective May 24, 2023 ("the Separation Date").

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

14. Mr. Weiss presently has several employment opportunities. However, Munich Re, presumably on behalf of Roanoke and MRSGIS, despite transferring Mr. Weiss to another separate and distinct company, insists that as a Roanoke employee at the time of his termination, he cannot pursue employment similar to and like the work he performed for MRSGIS. *(See **Exhibit A**)*.

**ANSWER**:

Defendants are without information or knowledge sufficient to form a belief as to whether plaintiff has several employment opportunities. Defendants deny the remaining allegations contained in this paragraph.

15. Counsel for Roanoke and MRSGIS were asked for substantive support for their contention that Mr. Weiss was an employee of Roanoke, and no substantive documentation and/or information was provided. Roanoke is attempting to enforce its Employment Agreement on behalf of MRSGIS to the detriment of Mr. Weiss, costing him job opportunities.

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

16. Because Mr. Weiss was working for Roanoke at the time of his termination in May 2022, and MRSGIS is not a subsidiary of Roanoke, Mr. Weiss' employment agreement regarding restrictive covenants with Roanoke is unenforceable.

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

## COUNT I

17. Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

**ANSWER**:

Defendants reassert their answers to sections/paragraphs 4 through 15 as their answer to this Paragraph 17 as if fully set forth herein.

18. In accordance with 28 U.S.C. §2201, *et seq.,* the Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure, Mr. Weiss seeks the following declaration:

The restrictive covenants contained in Section 8 of the Employment Agreement, entitled, non-Competition, are unenforceable, as Mr. Weiss was not an employee of MRSGIS.

Even if Mr. Weiss was an employee of MRSGIS, which is expressly denied, the restrictive covenants in the Employment Agreement are overly broad and not limited as required by Illinois Law rendering them unenforceable.

**ANSWER**:

Defendants admit Plaintiff seeks a declaration as set forth in this paragraph 18, but deny Plaintiff is entitled to such a declaration, and deny all remaining allegations in this paragraph.

19. Mr. Weiss requests an expedited and summary proceeding on this issue of law, as the facts should be undisputed.

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

## COUNT II

20. Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

**ANSWER**:

Defendants reassert their answers to sections/paragraphs 4 through 15 as their answer to this Paragraph 20 as if fully set forth herein.

21. Based upon the actions taken on behalf of Roanoke, the Employment Agreement it had with Mr. Weiss and the position taken on MRSGIS' behalf after Mr. Weiss contacted them regarding the Employment Agreement and the lack of enforceability of the purported restrictive covenants contained within, defendants are in violation the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFAA").

**ANSWER**:

Defendants deny the allegations in this paragraph.

22. Specifically, Roanoke and MRSGIS are both subsidiaries of Munich Re Specialty Group, N.A. ("MRNA"). In 2019, a decision was made by MRNA to create a completely separate and independent company utilizing employees from Roakoke, specifically MRSGIS. To accomplish this, MRNA used Roanoke's employees and continues to use Roanoke employees to work for MRSGIS, even though MRNA publishes and holds out to the public that individuals such as Mr. Weiss that work for MRSGIS are MRSGIS employees. An example of this fraud and deception is illustrated by this litigation wherein Roanoke is attempting to prevent Mr. Weiss from continuing to perform the work he did for MRSGIS via an Employment Agreement he had with Roanoke, where he performed and provided different insurance services to consumers in the general public. This unfair or deceptive acts or practices, including but not limited to the use or employment of deception by Roanoke and MRSGIS violates 815 ILCS 510/2 of the ICFAA.

**ANSWER**:

Defendants admit that Roanoke and MRSGIS are owned by Munich Re Specialty Group, N.A., Inc., but deny the remaining allegations in this paragraph.

23. Mr. Weiss requests that this Court issue an injunction regarding the Roanoke employment agreement, and award Mr. Weiss compensatory damages, attorneys' fees, and costs.

**ANSWER**:

Defendants deny the allegations in this paragraph.

## COUNT III

24. Mr. Weiss realleges and avers sections 4 through 15 *in toto*.

**ANSWER**:

Defendants reassert their answers to sections/paragraphs 4 through 15 as their answer to this Paragraph 24 as if fully set forth herein.

25. Mr. Weiss' business relationships constitute a property interest and are entitled to protection from unjustifiable tampering by Roanoke and MRSGIS.

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

26. Roanoke's and MRSGIS' intentional and unjustified interference with Mr. Weiss' business relationships have prevented the realization of business expectancy by him, resulting in damage from their tortious interference with his business expectancy.

**ANSWER**:

Defendants deny the allegations contained in this paragraph.

27. Mr. Weiss requests the Court award him lost profit and money due to the intentional and unjustified interference by Roanoke and MRSGIS, which Mr. Weiss can demonstrate with reasonable certainty.

**ANSWER**:

Defendants deny that Plaintiff is entitled to any award of relief, and therefore deny the allegations contained in this paragraph.

### Affirmative Defenses

### Estoppel

1. By way of affirmative defense, Plaintiff is estopped from challenging the enforceability of his Employment Agreement with Roanoke Insurance Group Inc. ("Roanoke"), because he accepted the benefits of that agreement during the period of his employment, including receiving his compensation and benefits during the 12-month period after Roanoke gave him notice of his termination effective May 24, 2023.

2. In a letter dated May 25, 2022, Roanoke served notice on Plaintiff of the termination of his employment pursuant to his Employment Agreement dated January 8, 2018 (hereinafter "Employment Agreement"). This letter further notified Plaintiff that pursuant to his Employment Agreement, he was entitled to 12 months' notice of his termination, his employment with Roanoke would end effective May 24, 2023, but he was relieved of all duties.

3. The May 25, 2022 letter also stated:

> As provided in your Employment Agreement, your salary and benefits will continue for the 12 month Notice Period, provided you continue to comply with the terms and conditions of your Employment Agreement, including but not limited to the non-competition and non-solicitation provisions contained therein. I suggest that you take the time to review these provisions of your Employment Agreement so that you can be sure you are familiar with and abide by the restrictions. Please do not hesitate to contact me if you have any questions related to your ongoing obligations.

4. Thereafter, Plaintiff was relieved of all duties but remained employed and continued to receive his salary and benefits for 12 months.

5. Plaintiff knew that compliance with the non-competition and non-solicitation provisions of his Employment Agreement was a term and condition of receiving his salary and benefits during the 12-month notice period, and that Roanoke expected compliance with those provisions post-employment.

6. After receiving the May 25, 2022 letter, Plaintiff never contacted Roanoke to claim that the non-competition and non-solicitation provisions of his Employment Agreement were unenforceable, but rather, remained silent as to the enforceability of those provisions.

7. In light of Plaintiff's silence, Roanoke had no reason to believe that Plaintiff believed those provisions to be unenforceable, or that Plaintiff would not comply with them. Additionally, Plaintiff intended or reasonable expected Roanoke to act upon his silence and pay him his salary and benefits for the 12-month notice period.

9

8. In reliance on Plaintiff's silence, Roanoke paid Plaintiff his salary and benefits during the 12-month notice period of his Employment Agreement. Accordingly, Roanoke would be prejudiced if Plaintiff is allowed to pursue a declaration that the post-employment restrictions in his Employment Agreement are unenforceable.

**Waiver**

9. By way of affirmative defense, Plaintiff and Roanoke entered into an Employment Agreement dated January 8, 2018 (hereinafter "Employment Agreement"). Paragraph 8 of the Employment Agreement entitled "Non-Competition," contains agreements restricting Plaintiff's activities for a twelve month period after the termination of Plaintiff's employment with Roanoke for any reason.

10. In a letter dated May 25, 2022, Roanoke served notice on Plaintiff of the termination of his employment pursuant to his Employment Agreement. This letter further notified Plaintiff that pursuant to his Employment Agreement, he was entitled to 12 months' notice of his termination, his employment with Roanoke would end effective May 24, 2023, but he was relieved of all duties.

11. The May 25, 2022 letter also stated:

As provided in your Employment Agreement, your salary and benefits will continue for the 12 month Notice Period, provided you continue to comply with the terms and conditions of your Employment Agreement, including but not limited to the non-competition and non-solicitation provisions contained therein. I suggest that you take the time to review these provisions of your Employment Agreement so that you can be sure you are familiar with and abide by the restrictions. Please do not hesitate to contact me if you have any questions related to your ongoing obligations.

12. Thereafter, Plaintiff was relieved of all duties but remained employed and continued to receive his salary and benefits for 12 months.

13. By accepting the benefits of his Employment Agreement, including his salary and benefits during the twelve month notice period which was conditioned on Plaintiff complying with Paragraph 8 of his Employment Agreement, Plaintiff has waived his right to a declaration that the restrictive covenant language contained in Paragraph 8 of his Employment Agreement is unenforceable.

### Failure to State a Claim under Illinois Consumer Fraud and Deceptive Business Practices Act

14. Count II fails to state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act because Plaintiff is not a consumer vis-à-vis Defendants, and Plaintiff's private employment agreement is not governed by consumer protection statutes. As a result, the Court must dismiss Count II of the Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety and that they be awarded their reasonable attorneys' fees and costs in this action.

ROANOKE INSURANCE GROUP INC. and MUNICH RE SPECIALTY GROUP INSURANCE SERVICES, INC.


By: /s/ Carol A. Poplawski
      One of Their Attorneys

Carol A. Poplawski (ARDC # 6192132)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
*Carol.Poplawski@ogletree.com*
(312) 558-1220

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 6th day of October, 2023, she electronically filed the foregoing **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Zachary J. Barger
>ZEILER FLOYD ZADKOVICH (US) LLP
>53 West Jackson Boulevard
>Suite 1240
>Chicago, Illinois 60604
>zach.barger@zeilerfloydzad.com
>***Attorneys for Plaintiff***
>
>Robert J. Killeen, Jr.
>Killeen & Stern, PC
>1811 Bering Dr.
>Houston, TX 77057
>rkilleen@killeen-law.com

/s/ Carol A. Poplawski